UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| RENE FLORES )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>MARK HALEY, DOES 1-10, INCLUSIVE, )<br>ABC INC. 1-10, INCLUSIVE )<br>)<br>*Defendant* )<br>) | Case No: |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Mark Haley ("Haley"),[1] contemporaneously with the filing of this Notice of Removal (the "Notice"), is effecting the removal of the state court action described below from the Superior Court Department of Suffolk County, Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

As detailed below, the United States District Court for the District of Massachusetts has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 *et seq.* because it is a civil action that alleges and arises in part under a law of the United States, specifically under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, as amended.

**I.   PLEADINGS AND PROCESS**

1.   On February 21, 2022, Plaintiff Rene Flores ("Flores"), acting *pro se*, commenced this action against Haley in the Superior Court Department of Suffolk County, where it was

---

[1] Haley is unaware of the identities, meaning, and significance of the names and/or references to "DOES 1-10, INCLUSIVE, ABC INC. 1-10, INCLUSIVE" in the caption of the Complaint. In the body of the Complaint, Flores references only Mark Haley as a Defendant, *see* Complaint at ¶ 2, attached as Exhibit 1.

assigned Case No. 2284-CV-00253A (the "State Court Action").[2] The State Court Action was improperly served on Haley; a copy of the Complaint only was found on February 9, 2022 having been put through the mail slot at his parents' house at 8 Pine Street, Belmont MA 33301, an address at which Haley does not reside.[3] There was no summons included.[4] *See* Exhibit 1.

2. Flores alleges generally that he was offered a job by Haley to work for him at Boyaca Trading Company, LLC to import and sell produce. Flores alleges further that he would start work in February 2018 for a salary of $1,800 per week. *See* Exhibit 1, ¶¶ 7-10.

3. Flores alleges generally that Haley made a series such that there were no buyers to take the containers of imported produce, which were largely damaged. *Id.*, ¶¶ 11, 16. Flores alleges that despite some money being recuperated, which he deposited into Haley's accounts, he was never paid his salary or reimbursed for travel expenses. *Id.*, ¶¶ 12, 14, 19.

4. Flores alleges that he confronted Haley and demanded payment of his salary and travel expenses for his work. *Id.*, ¶¶ 20. Flores alleges that Haley said he would take care of it and understood that that he hadn't paid or reimbursed her, and that he offered his 50% of the company for his work and expenses. *Id.*, ¶¶ 21-22. Flores demanded payment of the salary and

---

[2] From a review of the State Court docket, we learned today that there was an Amended Complaint filed on February 22, 2022, which has not been served on Haley or his counsel. This Notice of Removal is intended to encompass the original and Amended Complaint, whichever the Court deems operative at the time of the filing of this Notice of Removal. Haley reserves all rights and defenses with respect to the sufficiency of service of process.

[3] Haley resides in Rockport, ME. As such, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

[4] Haley does not reside in Massachusetts and has been a resident of Maine for several years. Given that Flores is proceeding *pro se*, Haley files this Notice of Removal as if service were proper, but in so filing expressly does *not* waive service defenses, instead maintaining that the removal period under 28 U.S.C. § 1446(b) has not, in fact, been triggered, because proper service had not been effected when the complaint was received. *See Evans v. New Prime, Inc.*, 2014 WL 12796263, *2 (D. Mass. May 22, 2014).

travel expenses for his work at Boyca Trading Company from February 2018 through September 24, 2021. *Id.*, ¶ 23.

5.      Based on this conduct, Flores asserts five claims against Haley: (I) breach of contract; (II) violation of Massachusetts's Minimum Wage Law MGL c. 149 § 148; (III) violation of the Fair Labor Standards Act;[5] (IV) fraudulent misrepresentation with intent to deceive; and (V) negligent misrepresentation.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331

6.      This Court has original jurisdiction pursuant 28 U.S.C. § 1331 because this is a civil action asserting a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

7.      Pursuant to 28 U.S.C. § 1441(c), removal is proper because federal courts have original jurisdiction over a civil action that includes "a claim arising under the Constitution, laws, or treaties of the United States," as does the FLSA.

8.      Here, all claims asserted by Flores arise out of the same nucleus of operative facts, including all state law claims.

## III.    ALL OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL ARE SATISFIED

9.      The Superior Court for Suffolk County, Massachusetts, is located within the District of Massachusetts, *see* 28 U.S.C. § 124(a), and venue for this action is proper in this Court because the District of Massachusetts, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Haley are attached as Exhibits 1-3.

---

[5] Mislabeled in the Complaint also as Count II.

11. Haley will promptly file a copy of this Notice with the Clerk of the Superior Court for Suffolk County, Massachusetts, as required by 28 U.S.C. § 1441(d).

12. Immediately following the filing of this Notice of Removal, written notice of the filing will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

13. Although Haley does not concede that service was proper, *see* Sec.I.n.1, *supra*, he received a copy of the Complaint on February 9, 2022 and thus removal is timely because this Notice was filed within 30 days of receipt by the removing Defendant. *See* 28 U.S.C. § 1446(b)(2)(B); *see also Evans v. New Prime, Inc.*, 2014 WL 12796263, * 2 (D. Mass. May 22, 2014) ("The Supreme Court has clarified the meaning of the term 'through service or otherwise,' by holding that the thirty-day removal period begins to run when a defendant is formally served with process.") (citing *Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)).

14. As stated above, Defendant Haley files this Notice with the understanding that he is the only named defendant to this action (there is no evidence in the docket report that any other defendants have been served with the Complaint), and, according to the State Court docket, Haley is the only defendant listed in this matter. As such, no other defendant(s) need to join or consent to removal.

15. No previous application has been made for the relief requested herein.

16. By removing this action to this Court, Haley does not waive, and expressly reserves, any and all defenses, objections or motions available under state or federal law. Haley expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or seek dismissal on other grounds.

WHEREFORE, the Removing Defendant Haley gives notice that the matter bearing the case number 22-0253A currently pending in the Superior Court of Suffolk County, Massachusetts, is removed to this Court pursuant to 28 U.S.C. §§ 1332 & 1441, *et seq*.

Respectfully submitted,
Mark Haley,
By his attorney,

*/s/ Sarah Remes*
Sarah R. Remes (BBO# 698720)
PIERCE ATWOOD LLP
100 Summer Street, 22nd Floor
Boston, MA 02110
Tel.: (617) 488-8100
Fax: (617) 824-2020
sremes@pierceatwood.com

## CERTIFICATE OF SERVICE

I hereby certify that, on March 9, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A copy of the document will be served upon Plaintiff via Federal Express as follows:

**Rene Flores**
27 Herrick Road
Newton, MA 02459

*/s/ Sarah Remes*
Sarah R. Remes (BBO# 698720)
